■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHEEM M. HOLLAND, Appellant. [22 NYS3d 453]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered September 24, 2013, convicting him of criminal possession of a controlled substance in the fifth degree and criminal possession of a controlled substance in the seventh degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing (Paynter, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

"The credibility determinations of a hearing court are accorded great deference on appeal, and will not be disturbed unless clearly unsupported by the record" (*People v Glenn*, 53 AD3d 622, 623 [2008]). Here, the record supports the hearing court's determination to credit the testimony of the police officer, who observed the defendant sitting in an illuminated vehicle at night, holding a glass crack pipe close to his face (*see People v Washington*, 108 AD3d 578, 579 [2013]; *People v Glenn*, 53 AD3d at 623). Contrary to the defendant's contention, the police officer's testimony was not incredible as a matter of law, patently tailored to overcome constitutional objections, or inherently unworthy of belief (*cf. People v Lebron*, 184 AD2d 784 [1992]). Accordingly, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence.

The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit. Hall, J.P., Roman, Sgroi and Hinds-Radix, JJ., concur.