People v Tayeh (2020 NY Slip Op 01649)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

People v Tayeh

2020 NY Slip Op 01649

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2016-05126
(Ind. No. 2001/15)

[*1]The People of the State of New York, respondent,
vModraan Tayeh, appellant.

Paul Skip Laisure, New York, NY (Erica Horwitz of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano and Johnnette Traill of counsel; Kathleen Halliday on the memorandum), for respondent.

DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Deborah Stevens Modica, J.), imposed April 28, 2016, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
Contrary to the People's contention, the record does not reflect that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257). The Supreme Court's colloquy did not ensure that the defendant understood the distinction between the right to appeal and the other trial rights which are forfeited incident to a plea of guilty (see People v Lopez, 6 NY3d 248, 257; People v Portillo, 178 AD3d 860; People v Batista, 167 AD3d 69, 76). Also, the court's colloquy and written waiver improperly mischaracterized the appellate rights waived as encompassing an absolute bar to the taking of a direct appeal and the loss of attendant rights to counsel and poor person relief, and also all postconviction relief separate from the direct appeal (see People v Thomas, __NY3d__, 2019 NY Slip Op 08545 *8 [2019]).
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., MALTESE, BARROS, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court