People v Contreras (2020 NY Slip Op 02805)





People v Contreras


2020 NY Slip Op 02805


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2018-11654
 (Ind. No. 9343/17)

[*1]The People of the State of New York, respondent,
v
Juan Contreras, appellant.


Paul Skip Laisure, New York, NY (Mark W. Vorkink of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel; Maria Torres on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Matthew Sciarrino, Jr., J.), imposed August 6, 2018, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The record does not establish that the defendant knowingly, voluntarily and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257). The Supreme Court mischaracterized the nature of the waiver of the right to appeal by stating that the defendant's sentence and conviction would be final (see People v Thomas, _____ NY3d _____, 2019 NY Slip Op 08545, *8), and the written waiver form did not overcome the ambiguities in the court's explanation of the waiver of the right to appeal as it did not contain clarifying language that appellate review remained available for select issues (see id.). Thus, the purported waiver does not preclude appellate review of the defendant's excessive sentence claim (see People v Fuller, 163 AD3d 715, 715).
In any event, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., AUSTIN, ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court