People v Morocho (2020 NY Slip Op 03542)





People v Morocho


2020 NY Slip Op 03542


Decided on June 24, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2018-09842
 (Ind. No. 7269/17)

[*1]The People of the State of New York, respondent,
v
Abel Antonio Pina Morocho, appellant.


Paul Skip Laisure, New York, NY (Stephanie Sonsino of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel; Alastair Allen on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Sharen D. Hudson, J.), imposed June 27, 2018, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
Contrary to the People's contention, the record does not reflect that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257; People v Tayeh, 181 AD3d 726). The Supreme Court's colloquy and the written waiver "mischaracterized the appellate rights waived as encompassing an absolute bar to the taking of a direct appeal and the loss of attendant rights to counsel and poor person relief, and also all postconviction relief separate from the direct appeal" (People v Tayeh, 181 AD3d at 727; see People v Thomas, 34 NY3d 545, 565-566; People v McDowell, 181 AD3d 716). Thus, the purported waiver does not preclude this Court's review of the defendant's excessive sentence claim (see People v Brown, 181 AD3d 819; People v Baptiste, 181 AD3d 696).
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., AUSTIN, ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court