People v Harris (2020 NY Slip Op 06142)





People v Harris


2020 NY Slip Op 06142


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2019-08151

[*1]The People of the State of New York, respondent,
v
Joseph I. Harris, appellant. (S.C.I. No. 743/19)


Laurette D. Mulry, Central Islip, NY (Amanda E. Schaefer of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Michael J. Brennan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the County Court, Suffolk County (Karen M. Wilutis, J.), imposed June 10, 2019, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
Contrary to the People's contention, the record demonstrates that the defendant did not knowingly, voluntarily, and intelligently waive his right to appeal (see People v Thomas, 34 NY3d 545). The County Court adequately explained to the defendant the nature of the right to appeal and distinguished that right from the rights automatically forfeited upon pleading guilty. However, the court mischaracterized the effect of the waiver on the defendant's right to appeal. Specifically, the court, after explaining to the defendant that an appeal is a proceeding before a higher court where he could argue that the trial court committed certain errors, concluded by stating that "[b]y waiving or giving up the right to appeal, you are agreeing to end this proceeding entirely at the time of sentencing, and to accept as reasonable the sentence imposed." This conclusion incorrectly conveyed that an appellate court would have no authority to review the sentence and failed to inform the defendant that, even after pleading guilty, appellate review remained for select issues, including the voluntariness of the plea and appeal waiver, the legality of the sentence, and the jurisdiction of the court (see People v Habersham, 186 AD3d 854; People v Christopher B., 184 AD3d 657; People v Baptiste, 181 AD3d 696). Thus, the purported waiver does not preclude appellate review of the defendant's excessive sentence claim (see People v Valentin, 186 AD3d 752).
Nevertheless, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., AUSTIN, ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court