People v Robinson (2020 NY Slip Op 07227)





People v Robinson


2020 NY Slip Op 07227


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY, JJ.


2017-13336 ON MOTION
 (Ind. No. 504/17)

[*1]The People of the State of New York, respondent,
v
Demort Robinson, appellant. DECISION & ORDER On the Court's own motion, it is ORDERED that the decision and order on motion of this Court dated November 25, 2020, in the above-entitled case is recalled and vacated, and the following decision and order on motion is substituted therefor:

Paul Skip Laisure, New York, NY (Sean H. Murray of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Terrence F. Heller of counsel; Isaiah Affron on the memorandum), for respondent.
Motion by the defendant for leave to reargue the defendant's appeal, as limited by his motion, from a sentence of the Supreme Court, Kings County (Alexander Jeong, J.), imposed October 17, 2017, upon his plea of guilty, on the ground that the sentence was excessive.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is
ORDERED that the motion is granted, and, upon reargument, the decision and order of this Court dated June 17, 2020 (People v Robinson, 184 AD3d 779), in the above-entitled action is recalled and vacated, and the following decision and order is substituted therefor:
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Alexander Jeong, J.), imposed October 17, 2017, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waiver of his right to appeal was invalid because the Supreme Court's colloquy and the written waiver mischaracterized the appellate rights waived as encompassing an absolute bar to the taking of a direct appeal, and failed to inform the defendant that appellate review remained available for certain issues (see People v Thomas, 34 NY3d 545; People v Contreras, 183 AD3d 759; People v Howard, 183 AD3d 640). Thus, the purported waiver does not preclude this Court's review of the defendant's excessive sentence claim (see People v Fuller, 163 AD3d 715). In light of the foregoing, we need not reach the defendant's alternate contention concerning the validity of the purported waiver.
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BALKIN, J.P., CHAMBERS, COHEN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court