People v Garcia (2020 NY Slip Op 07220)





People v Garcia


2020 NY Slip Op 07220


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2018-06555
 (Ind. No. 1802/17)

[*1]The People of the State of New York, respondent,
v
Edwal Garcia, appellant.


Paul Skip Laisure, New York, NY (Samuel Barr of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Denise Pavlides of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (John T. Hecht, J.), rendered April 17, 2018, convicting him of criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal from the judgment brings up for review the denial, after a hearing, of the defendant's omnibus motion to suppress physical evidence and his statements to law enforcement officials, and the denial of the defendant's motion to controvert a search warrant and suppress physical evidence seized in the execution thereof.
ORDERED that the judgment is affirmed.
At a suppression hearing, a police officer testified that at approximately 1:00 a.m., he was driving in an unmarked police vehicle with two other police officers when he observed the defendant driving a vehicle that had a defective headlight. The officer pulled over the vehicle that the defendant was driving, approached the driver's side door of the vehicle, and asked the defendant through the open window for his license, registration, and proof of insurance. The officer testified that he detected a strong smell of marijuana emanating from the vehicle. The officer testified that he asked the defendant if he had smoked marijuana in the vehicle, and the defendant responded that he had smoked marijuana in the vehicle earlier that day. While the defendant was looking for identification, the officer shined his flashlight into the vehicle, where he saw an expandable baton on the driver's side door. Although the defendant did not have identification, he told the officer his name, and gave the officer his benefits card, which listed his date of birth. The officer conducted a computer search using the defendant's name, which revealed that the defendant had an active arrest warrant. The defendant was then placed under arrest. After the vehicle that the defendant had been driving was transported to the precinct, the officer recovered the baton from the driver's side door of the vehicle. While at the precinct, the defendant asked the officer why the arrest process was taking so long. When the officer told the defendant that a K-9 unit was searching the vehicle, the defendant responded, "you can do that all you want, whatever's in the car, the car's not registered to me, my prints aren't on it." Thereafter, the police obtained and executed a search warrant of the vehicle, and seized drugs and a gun from the vehicle.
Following the suppression hearing, the Supreme Court denied the defendant's motion to suppress the baton recovered from the vehicle and his statements to the officer, finding that the [*2]officer had reasonably stopped the vehicle that the defendant was driving because the officer had probable cause to believe that a traffic violation had occurred. The defendant thereafter moved to controvert the search warrant of the vehicle and to suppress the physical evidence seized in the execution thereof. In a decision and order dated December 14, 2017, the court denied, without a hearing, the defendant's motion to controvert the search warrant. The defendant pleaded guilty to criminal possession of a weapon in the third degree. On appeal, the defendant challenges the validity of his purported appeal waiver and the court's suppression rulings.
The defendant's purported waiver of his right to appeal was invalid (see People v Thomas, 34 NY3d 545). When explaining the waiver of the right to appeal, the Supreme Court stated to the defendant that, as a result of the waiver, "no higher court will review the proceedings," "[n]o lawyer will pursue an appeal" on the defendant's behalf, and the defendant's "plea and sentence will be final." These statements "utterly 'mischaracterized the nature of the right [the] defendant was being asked to cede'" (People v Thomas, 34 NY3d 545, 565, quoting People v Lopez, 6 NY3d 248, 257), and incorrectly suggested that the waiver may be an absolute bar to the taking of an appeal (see People v Thomas, 34 NY3d at 564; People v Kyra J., 180 AD3d 929, 929-930; People v Brown, 181 AD3d 819, 820; People v Christie, 180 AD3d 802). The written waiver form did not overcome the ambiguities in the court's explanation of the right to appeal as it did not contain clarifying language that appellate review remained available for select issues (see People v Dixon, 184 AD3d 854; People v Contreras, 183 AD3d 759). Since the appeal waiver was invalid, it does not preclude appellate review of the defendant's challenge to the court's suppression determinations (see People v Chy, 184 AD3d 664; People v Weeks, 182 AD3d 539).
However, the record supports the Supreme Court's finding that the stop of the vehicle that the defendant was driving was based upon the officer's observation of the vehicle driving at night with a defective headlight (see Vehicle and Traffic Law § 375[2][a][1]). Based on this observation, the officer had probable cause to believe that a traffic violation occurred so as to permit a stop of the defendant's vehicle (see People v Robinson, 97 NY2d at 349; People v Johnson, 83 AD3d 733, 733-734; People v Viele, 90 AD3d 1238, 1239; People v Graves, 163 AD2d 487, 488). Moreover, the credibility determinations of a hearing court are accorded great deference on appeal and will not be disturbed unless clearly unsupported by the record (see People v Holland, 133 AD3d 779). Contrary to the defendant's contention, the testimony of the officer at the suppression hearing was not incredible, patently tailored to nullify constitutional objections, or otherwise unworthy of belief (see People v Batista, 180 AD3d 698, 699; People v Lewis, 117 AD3d 751, 752). Accordingly, we agree with the court's determination, after a hearing, denying the defendant's omnibus motion to suppress physical evidence and his statements to law enforcement officials. As a result, the defendant's contention that the basis of the search warrant was information obtained as a result of an illegal stop of the vehicle that he was driving is without merit, and the court properly denied, without a hearing, the defendant's motion to controvert the search warrant and to suppress physical evidence seized in execution of the warrant (see People v Anglin, 178 AD3d 839, 840).
RIVERA, J.P., CHAMBERS, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court