People v Hope (2021 NY Slip Op 01787)





People v Hope


2021 NY Slip Op 01787


Decided on March 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-07862
 (Ind. No. 2841/17)

[*1]The People of the State of New York, respondent,
v
Lester Hope, appellant.


Paul Skip Laisure, New York, NY (Denise A. Corsí of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Sholom J. Twersky of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jane Tully, J.), rendered June 6, 2018, convicting him of criminal possession of a firearm, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the People's contention, the record does not reflect that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bisono, ___ NY3d ___, 2020 NY Slip Op 07484; People v Thomas, 34 NY3d 545, 566). The Supreme Court's colloquy "mischaracterized the appellate rights waived as encompassing an absolute bar to the taking of a direct appeal and the loss of attendant rights to counsel and poor person relief" (People v Tayeh, 181 AD3d 726, 727; see People v Bisono, ___ NY3d ___, 2020 NY Slip Op 07484; People v Thomas, 34 NY3d 545, 565-566; People v Harris, 187 AD3d 1207; People v Pellew, 187 AD3d 1060; People v Contreras, 183 AD3d 759). The written waiver of the right to appeal, which stated that the sentence and conviction would be final and did not contain clarifying language that appellate review remained available for select issues, did not correct the defect (see People v Soler, 189 AD3d 1086; People v Contreras, 183 AD3d 759). Viewing the deficiencies in the oral colloquy and the written waiver in the context of the record and considering the totality of the circumstances, it cannot be said that the defendant "'comprehended the nature [and consequences] of the waiver of appellate rights'" (People v Bisono, ___ NY3d at ___, 2020 NY Slip Op 07484, *2, quoting People v Thomas, 34 NY3d at 565-566). Thus, the purported waiver does not preclude this Court's review of the defendant's claim.
However, the defendant's contention that his rights to due process of law and equal protection of the laws were violated because he was convicted of the felony crime of criminal possession of a firearm (Penal Law § 265.01-b), which makes punishable the same conduct as the misdemeanor crime of criminal possession of a weapon in the fourth degree (Penal Law § 265.01[1]) when that offense is committed through the possession of a firearm, is unpreserved for appellate review (see People v Patino, 259 AD2d 503, 503-504; People v Pisano, 105 AD2d 1156, 1157; see also People v Davidson, 98 NY2d 738; People v Santiago, 97 AD3d 707). In any event, the defendant's contention is without merit (see United States v Batchelder, 442 US 114, 125; People [*2]v Vaccaro, 44 NY2d 885, 886; People v Eboli, 34 NY2d 281, 290; People v Greene, 57 AD3d 1004, 1005).
CHAMBERS, J.P., MILLER, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court