People v Talbot (2021 NY Slip Op 02830)





People v Talbot


2021 NY Slip Op 02830


Decided on May 5, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-07585
 (Ind. No. 7126/17)

[*1]The People of the State of New York, respondent,
v
Alex Talbot, appellant.


Paul Skip Laisure, New York, NY (Samuel Barr of counsel), for appellant. 
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Michael Bierce of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (John T. Hecht, J.), rendered May 17, 2018, convicting him of criminal possession of a firearm, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the People's contention, the record does not reflect that the defendant knowingly, intelligently, and voluntarily waived his right to appeal (see People v Bisono, 36 NY3d 1013; People v Thomas, 34 NY3d 545, 557-563). The Supreme Court's oral colloquy mischaracterized the rights encompassed by the appeal waiver by, inter alia, indicating that the waiver was an absolute bar to a direct appeal, no attorney would assist the defendant on an appeal, and no higher court would review the proceedings (see People v Bisono, 36 NY3d 1013; People v Thomas, 34 NY3d at 565-566; People v Kyra J., 180 AD3d 929, 929). The written waiver form, which merely stated that the sentence and conviction would be final, did not cure the infirmities in the court's colloquy (see People v Thomas, 34 NY3d at 566; People v Whitlock, 189 AD3d 1473, 1473; People v Garcia, 189 AD3d 879, 880). Consequently, the purported waiver does not preclude appellate review of the contention raised by the defendant on this appeal.
Nevertheless, the defendant's contention that his conviction of the felony of criminal possession of a firearm (Penal Law § 265.01-b) violated due process, equal protection, and the rule of lenity because the same conduct is punishable as a misdemeanor as criminal possession of a weapon in the fourth degree (Penal Law § 265.01) is unpreserved for appellate review (see CPL 470.05[2]; People v Pena, 28 NY3d 727, 730; People v Cesar, 131 AD3d 223, 227), and, in any event, without merit (see United States v Batchelder, 442 US 114, 125; People v Vaccaro, 44 NY2d 885, 886; People v Eboli, 34 NY2d 281, 290; People v Hope, _____ AD3d _____, 2021 NY Slip Op 01787; see also People v Roberts, 31 NY3d 406, 423-424).
RIVERA, J.P., CONNOLLY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court