People v Saka (2021 NY Slip Op 05133)





People v Saka


2021 NY Slip Op 05133


Decided on September 29, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 29, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2018-08211
 (Ind. No. 390/17)

[*1]The People of the State of New York, respondent,
v
Haneef Saka, appellant.


Patricia Pazner, New York, NY (Leila Hull of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart of counsel), for respondent.
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Alexander Jeong, J.), rendered June 6, 2018, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.



DECISION & ORDER
Motion by the respondent to strike stated portions of the appellant's main brief on the ground that they refer to matter dehors the record. By decision and order on motion of this Court dated March 29, 2021, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the motion is granted, the last paragraph on page 17 through the first full paragraph on page 19 of the appellant's main brief is stricken on the ground that it refers to matter dehors the record, and that portion of the appellant's main brief has not been considered in the determination of the appeal; and it is further,
ORDERED that on the Court's own motion, the block quotation on page 15 and the citation thereto in the first sentence on page 16 of the respondent's brief are stricken on the ground that they refer to matter dehors the record, and those portions of the respondent's brief have not been considered in the determination of the appeal; and it is further,
ORDERED that the judgment is affirmed.
The defendant was convicted, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree. As the People correctly concede on appeal, the defendant did not validly waive the right to appeal (see People v Robinson, 189 AD3d 893, 894).
The Supreme Court properly denied that branch of the defendant's omnibus motion [*2]which was to suppress evidence recovered from his vehicle following a traffic stop. Credibility determinations of a hearing court are entitled to great deference on appeal, and will not be disturbed unless they are clearly unsupported by the record (see People v Purnell, 166 AD3d 814, 815-816). Contrary to the defendant's contention, the testimony of the arresting officer at the suppression hearing was not incredible as a matter of law, and, in exercising our factual review power, we find that the court properly credited the arresting officer's testimony (see People v Faulk, 185 AD3d 953, 955; People v Moore, 166 AD3d 654, 654).
Portions of the appellant's main brief refer to new evidence that was not before the Supreme Court prior to the judgment of conviction being rendered and constitute matter dehors the record, which may not be considered on direct appeal from the judgment (see People v Manzanales, 170 AD3d 752, 753; People v Wallace, 144 AD3d 775, 776). A CPL 440.10 proceeding is the appropriate forum for considering such material with respect to the subject judgment of conviction (see CPL 440.10[1][g]). In addition, portions of the respondent's brief refer to matter dehors the record. Accordingly, we strike those portions of the briefs and do not consider them in the determination of the appeal.
Accordingly, we affirm the judgment of conviction.
DILLON, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court