People v Coleman (2022 NY Slip Op 02132)





People v Coleman


2022 NY Slip Op 02132


Decided on March 30, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2019-14606
 (Ind. No. 1384/16)

[*1]The People of the State of New York, respondent,
v
Sulamaan A. Coleman, appellant.


Janet E. Sabel, New York, NY (Lauren E. Jones of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Sharon Y. Brodt, Aurora Alvarez-Calderon, and Barbara A. Galli of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a resentence of the Supreme Court, Queens County (Barry A. Schwartz, J.), imposed December 16, 2019, upon his conviction of attempted burglary in the second degree, upon his plea of guilty.
ORDERED that the resentence is affirmed.
After the defendant's original adjudication as a second felony offender based on his 1993 conviction of robbery in the third degree was vacated, the People filed a revised predicate felony statement, seeking again to adjudicate him a second felony offender, this time based on his conviction in 2015 of felony criminal possession of a firearm pursuant to Penal Law § 265.01-b(1). The defendant's challenge to his adjudication as a second felony offender based on the 2015 conviction at his resentencing was rejected by the sentencing court. We affirm.
The defendant contends that his rights to due process of law and equal protection of the laws were violated because he was adjudicated as a second felony offender based upon his 2015 conviction of felony criminal possession of a firearm pursuant to Penal Law § 265.01-b, based on conduct which could have been punishable as a misdemeanor pursuant to Penal Law § 265.01(1). However, the overlapping elements of the felony crime of criminal possession of a weapon and the misdemeanor crime of criminal possession of a weapon, when the weapon possessed is a firearm, and the opportunity presented thereby for prosecutorial discretion regarding which crime to charge, do not render the felony statute unconstitutional (see United States v Batchelder, 442 US 114, 125; People v Vaccaro, 44 NY2d 885, 886; People v Eboli, 34 NY2d 281, 290; People v Talbot, 194 AD3d 757, 758; People v Hope, 192 AD3d 1044).
Moreover, we reject the defendant's contention that he was improperly adjudicated a second felony offender at his resentencing because his plea to a superior court information should not have been used as a predicate felony conviction since he did not validly waive his right to indictment. The defendant's objection to the omission from the waiver of indictment form of non-elemental factual information that is not necessary for a jurisdictionally-sound indictment was forfeited by his plea of guilty to the predicate felony (see People v Thomas, 34 NY3d 545, 569).
DILLON, J.P., MILLER, GENOVESI and DOWLING, JJ., concur.

2019-14606 DECISION & ORDER ON MOTION
The People, etc., respondent,
v Sulamaan A. Coleman, appellant.
(Ind. No. 1384/16)

Motion by the appellant to strike stated portions of the respondent's brief on an appeal from a resentence of the Supreme Court, Queens County, imposed December 16, 2019, on the ground that they refer to matter dehors the record. By decision and order on motion of this Court dated August 23, 2021, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
ORDERED that the motion is granted, and the references in the respondent's brief to a 2015 felony complaint are stricken and have not been considered in the determination of the appeal.
DILLON, J.P., MILLER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court