People v Castillo (2022 NY Slip Op 04639)

People v Castillo

2022 NY Slip Op 04639

Decided on July 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2019-01159
 (Ind. No. 1803/17)

[*1]The People of the State of New York, respondent,
v
Ray Cabeza Castillo, appellant.

Patricia Pazner, New York, NY (Caitlyn Carpenter of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Sholom J. Twersky, and Alejandro Vera of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Michael A. Gary, J.), rendered January 25, 2019, convicting him of criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Joanne D. Quiñones, J.), of the defendant's motion to suppress physical evidence and his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
At a suppression hearing, a police officer testified that at approximately 12:25 a.m., he was driving northbound on Essex Street in an unmarked police vehicle with two other police officers when he observed a taxicab (hereinafter the Uber) in front of him. The Uber turned right onto Atlantic Avenue, "switched lanes very abruptly," "went all the way from the right lane quickly over to the left lane and then made a left-hand turn onto Highland Place," and did not use turn signals. After conducting a traffic stop of the Uber, the officer approached the right-side rear-passenger door of the vehicle. The officer observed the defendant in the rear seat, who "appeared to be nervous, and at which point, it looked like he was covering a large bulge on his right inner thigh." Upon his belief that the large bulge may be a weapon, the officer asked the defendant to step out of the vehicle and patted down the area of the bulge.
After the officer determined that the bulge was not a weapon, the officer asked the defendant what the item was. The defendant told the officer that the item was "just marijuana." The officer further testified that the defendant then reached into his pants with both hands, causing a concealed bag to rip open, and a "brown powdery substance, which was later found to be heroin, went everywhere." The officer arrested the defendant, and a search of the defendant at the police station revealed a bag containing a quantity of cocaine and five glassine envelopes of heroin.
Following a suppression hearing, the Supreme Court denied the defendant's motion to suppress physical evidence and his statements to law enforcement officials. The court credited the officer's testimony, and found that the officer had probable cause to stop the Uber. On appeal, the defendant challenges the court's suppression ruling on the ground that the court should not have [*2]credited the officer's testimony.
Here, the record supports the Supreme Court's finding that the stop of the Uber was based upon the officer's observation of the vehicle changing lanes without using proper turn signals (see Vehicle and Traffic Law § 1163). Based on this observation, the officer had probable cause to believe that a traffic violation occurred so as to permit a stop of the vehicle (see People v Robinson, 97 NY2d 341, 349; People v Garcia, 189 AD3d 879, 881). "Moreover, the credibility determinations of a hearing court are accorded great deference on appeal and will not be disturbed unless clearly unsupported by the record" (People v Garcia, 189 AD3d at 881, citing People v Holland, 133 AD3d 779). Contrary to the defendant's contention, the testimony of the officer at the suppression hearing was not incredible, patently tailored to nullify constitutional objections, or otherwise unworthy of belief (see People v Garcia, 189 AD3d at 881; People v Batista, 180 AD3d 698, 699; People v Lewis, 117 AD3d 751, 752). Accordingly, the court properly denied the defendant's motion to suppress physical evidence and his statements to law enforcement officials.
The defendant's remaining contention is unpreserved for appellate review, and in any event, without merit.
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court