People v Whyte (2022 NY Slip Op 05171)

People v Whyte

2022 NY Slip Op 05171

Decided on September 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SHERI S. ROMAN
WILLIAM G. FORD
LILLIAN WAN, JJ.

2019-14145
 (Ind. No. 744/16)

[*1]The People of the State of New York, respondent,
v
Jevaughn Whyte, appellant.

Raiser & Kenniff, P.C., Mineola, NY (Steven M. Raiser of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Marina Arshakyan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ira H. Margulis, J.), rendered November 25, 2019, convicting him of criminal possession of a weapon in the second degree (two counts) and criminal possession of a weapon in the third degree (six counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
At a suppression hearing, a police officer testified that he obtained consent to enter and search the defendant's apartment from both the defendant's father and grandmother, who were also occupants of the apartment. From a hallway inside the apartment, the officer observed, through an open door to the defendant's bedroom, firearms, large capacity magazines, and ammunition on the floor and in an unzipped duffel bag. After his arrest, the defendant confessed to purchasing and possessing the firearms. The defendant's father and grandmother both testified that they did not give the officer consent to search the apartment.
"The credibility determinations of a hearing court are accorded great deference on appeal and will not be disturbed unless clearly unsupported by the record" (People v Visich, 57 AD3d 804, 806). "'The rule is that testimony which is incredible and unbelievable, that is, impossible of belief because it is manifestly untrue, physically impossible, contrary to experience, or self-contradictory, is to be disregarded as being without evidentiary value, even though it is not contradicted by other testimony or evidence introduced in the case'" (People v Harris, 192 AD3d 151, 163, quoting People v Maiwandi, 170 AD3d 750, 751).
Contrary to the defendant's contention, the officer's testimony was not manifestly untrue, physically impossible, contrary to experience, or self-contradictory (see People v Reynolds, 186 AD3d 1535, 1536; People v Barnes, 129 AD3d 981, 982; People v Glenn, 53 AD3d 622, 623), nor was it patently tailored to nullify constitutional objections (see People v Knight, 205 AD3d 928; People v Ellerbee, 203 AD3d 1068, 1069). Certain complaints received by the Civilian Complaint Review Board concerning the testifying officer failed to discredit his testimony insofar as the [*2]allegations were either unsubstantiated or did not bear on the officer's credibility. To the extent that the testimony of the defense witnesses presented an issue of credibility, the Supreme Court's credibility determination is entitled to great deference on appeal and we discern no basis to disturb it (see People v Garcia, 189 AD3d 879, 881; People v Holland, 133 AD3d 779, 779; People v Glenn, 53 AD3d at 625).
Considering the totality of the circumstances, in which the officer knocked on the door of the apartment and spoke with the defendant's father in a nonconfrontational manner, the consent to search the apartment was voluntarily obtained (People v Quagliata, 53 AD3d 670, 672; People v DePace, 127 AD2d 847, 849). Once inside and standing legally in the hallway of the apartment, the officer was able to see the firearms in plain view in the bedroom and properly seized them (see People v Clark, 194 AD3d 948, 950; People v Velasquez, 110 AD3d 835, 835). Further, given the legality of the officer's search of the defendant's apartment, the defendant's contention that his post-arrest statement to law enforcement officials should be suppressed as the product of an illegal search or seizure is without merit (see People v Gregory, 163 AD3d 847, 848).
Accordingly, the Supreme Court properly denied those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.
CONNOLLY, J.P., ROMAN, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court