People v Francis (2023 NY Slip Op 01902)

People v Francis

2023 NY Slip Op 01902

Decided on April 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
HELEN VOUTSINAS, JJ.

2018-15141
 (Ind. No. 6341/17)

[*1]The People of the State of New York, respondent,
v
Howard Francis, appellant.

Patricia Pazner, New York, NY (Caitlyn Carpenter and Chelsea Amelkin of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Keith Dolan, and Jeffrey Eng of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jane C. Tully, J.), rendered November 14, 2018, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Matthew A. Sciarrino, Jr., J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
Contrary to the People's contention, the record does not reflect that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bisono, 36 NY3d 1013; People v Thomas, 34 NY3d 545, 566; People v Hope, 192 AD3d 1044). The Supreme Court's colloquy "mischaracterized the appellate rights waived as encompassing an absolute bar to the taking of a direct appeal and the loss of attendant rights to counsel and poor person relief" (People v Tayeh, 181 AD3d 726, 727; see People v Bisono, 36 NY3d 1013; People v Thomas, 34 NY3d at 565-566). The defendant's written waiver of the right to appeal, which stated that the sentence and conviction would be final and failed to contain clarifying language that appellate review remained available for select issues, did not correct the defect (see People v Hope, 192 AD3d at 1045). Viewing the deficiencies in the oral colloquy and the written waiver in the context of the record and considering the totality of the circumstances, it cannot be said that the defendant "'comprehended the nature [and consequences] of the waiver of appellate rights'" (People v Bisono, 36 NY3d at 1018, quoting People v Thomas, 34 NY3d at 565-566; see People v Hope, 192 AD3d at 1045). Thus, the purported appeal waiver does not preclude this Court's review of the defendant's contention challenging the denial of those branches of his omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.
The defendant's contention challenging the denial of those branches of his omnibus motion which were to suppress physical evidence and his statements to law enforcement officials is without merit. A hearing court's credibility determinations are accorded great weight on appeal, as that is the court which has the ability to see, hear, and observe the witnesses before it (see People [*2]v Biggs, 208 AD3d 1340, 1343; People v Harris, 192 AD3d 151, 162). An appellate court will disturb a credibility determination if the witness's testimony is impossible of belief because it is manifestly untrue, physically impossible, contrary to experience, or self-contradictory, as to be disregarded for being without evidentiary value, even if it is not contradicted by other testimony or evidence (see People v Biggs, 208 AD3d at 1343; People v Harris, 192 AD3d at 163). A credibility determination may also be set aside on appeal if the witness's testimony is patently tailored to nullify constitutional objections (see People v Biggs, 208 AD3d at 1343; People v Harris, 192 AD3d at 162-163). Here, on consideration of all relevant facts and circumstances, the testimony of the arresting officer at the suppression hearing was not incredible or patently tailored to meet constitutional objections, and, in exercising our factual review power, we find that the Supreme Court properly credited his testimony (see People v Biggs, 208 AD3d at 1343; People v Faulk, 185 AD3d 953, 955; People v Moore, 166 AD3d 654).
DILLON, J.P., RIVERA, MALTESE and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court