People v Decoteau (2023 NY Slip Op 05002)

People v Decoteau

2023 NY Slip Op 05002

Decided on October 4, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
WILLIAM G. FORD, JJ.

2020-07792
 (Ind. No. 577/18)

[*1]The People of the State of New York, respondent,
v
Osmond Decoteau, appellant.

Bruce R. Bekritsky, Carle Place, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Jason R. Richards and David L. Glovin of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Nassau County (Patricia A. Harrington, J.), rendered September 18, 2020, convicting him of aggravated unlicensed operation of a motor vehicle in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the County Court did not err in denying, after a hearing, that branch of his omnibus motion which was to suppress his statements to law enforcement officials. "A hearing court's determination as to witness credibility is accorded great weight on appeal, as it saw and heard the witnesses, and its determination will not be disturbed unless clearly unsupported by the evidence" (People v Fletcher, 130 AD3d 1063, 1064, affd 27 NY3d 1177). "'[A]s a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred,' even if the underlying reason for the stop was to investigate another matter unrelated to the traffic violation" (People v Sluszka, 15 AD3d 421, 423, quoting People v Robinson, 97 NY2d 341, 348-349; see People v Noble, 211 AD3d 970, 971). Here, the record supports the court's finding that the stop of the defendant's vehicle was justified based upon the arresting officer's testimony that he observed the defendant abruptly pull over without signaling (see Vehicle and Traffic Law § 1163[a]). Based on that observation, the officer had probable cause to believe a traffic violation occurred so as to permit a stop of the vehicle (see People v Castillo, 207 AD3d 649, 650). Moreover, the officer's testimony at the suppression hearing was not incredible, patently tailored to nullify constitutional objections, or otherwise unworthy of belief (see People v Garcia, 189 AD3d 879, 881). Accordingly, the court properly denied, after a hearing, that branch of the defendant's motion which was to suppress statements he made to the arresting officer during the vehicle stop.
The defendant's contention that he was deprived of a fair trial by the County Court's admission into evidence of certain photographs is unpreserved for appellate review (see CPL 470.05[2]; People v Murphy, 218 AD3d 795, 796-797). In any event, the court providently exercised its discretion in admitting the photographs into evidence, as their probative value outweighed any [*2]prejudice to the defendant (see People v Sparagano, 153 AD3d 1367, 1368).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and, thus, constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The defendant's remaining contention is without merit.
CONNOLLY, J.P., IANNACCI, WOOTEN and FORD, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court