People v Matthew M. (2024 NY Slip Op 01023)

People v Matthew M.

2024 NY Slip Op 01023

Decided on February 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2022-00861
2022-00868

[*1]The People of the State of New York, respondent,
v
Matthew M. (Anonymous), appellant. (S.C.I. No. 2663/15; Ind. No. 707/20)

Patricia Pazner, New York, NY (Sarah B. Cohen of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ellen C. Abbot, and Rachel Cregier of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Karen Gopee, J.), rendered January 21, 2022, convicting him of attempted criminal possession of a weapon in the second degree under Indictment No. 707/20, upon his plea of guilty, and imposing sentence, and (2) an amended judgment of the same court, also rendered January 21, 2022, revoking a sentence of probation previously imposed by the same court (Ernest Hart, J.), upon a finding that he violated conditions thereof, upon his admission, and imposing a sentence of time served upon his previous adjudication as a youthful offender for attempted robbery in the first degree under Superior Court Information No. 2663/15. The appeal from the judgment brings up for review the denial, after a hearing (Stephen Knopf, J.), of the defendant's motion to suppress physical evidence and a statement he made to law enforcement officials.
ORDERED that the judgment and amended judgment are affirmed.
In response to a tip from a confidential informant, passed on by the police, that the defendant had been seen in possession of a firearm three times, probation officers searched the defendant's bedroom. The defendant's mother had admitted the officers into the apartment and led them to the defendant's room, where they found a shotgun shell, a round of ammunition, and a firearm.
The defendant was charged with criminal possession of a weapon in the second degree, criminal possession of a firearm (two counts), and unlawful possession of pistol ammunition (three counts). Thereafter, he moved to suppress the evidence recovered from his bedroom and a statement he made to law enforcement officials. After a hearing, the Supreme Court denied the motion.
The defendant pleaded guilty to one count of attempted criminal possession of a weapon in the second degree and was sentenced to a determinate term of imprisonment of two years, to be followed by a period of postrelease supervision of two years, along with $375 in mandatory surcharges and fees. The defendant also admitted to violating conditions of his probation for a prior youthful offender adjudication for attempted robbery in the first degree, and the Supreme Court revoked a sentence of probation previously imposed and imposed a sentence of time served. The [*2]mandatory surcharges and fees that were imposed in connection with the youthful offender adjudication, which had been converted to a civil judgment, were not waived. The defendant appeals.
Contrary to the People's contention, the record does not reflect that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257, 265-266; People v Brown, 122 AD3d 133, 137). The Supreme Court mischaracterized the waiver by telling the defendant, "you give up your right to have an attorney assigned to represent you on appeal, if you cannot afford one" (see People v Francis, 215 AD3d 762, 762; People v Tayeh, 181 AD3d 726, 727). Moreover, the written waiver form was not sufficient to cure the deficiency in the oral colloquy (see People v Erdaide, 216 AD3d 1178, 1178). Since the purported appeal waiver was invalid, it does not preclude appellate review of the defendant's challenge to the court's suppression determinations (see People v Garcia, 189 AD3d 879, 881).
Nevertheless, the record supports the Supreme Court's denial of suppression of physical evidence and the defendant's statement to law enforcement officials. The conditions of the defendant's probation required, inter alia, that he not possess a firearm and that he consent to searches by a probation officer. The search of the defendant's bedroom by the probation officers was rationally and reasonably related to their duty to prevent probation violations (see People v Moses, 177 AD3d 619, 621; People v Vann, 92 AD3d 702, 703). Contrary to the defendant's contention, the fact that the police gave the probation department the information that the defendant had been seen in possession of a firearm three times did not render the search a police operation (see People v Moses, 177 AD3d at 621). Moreover, the People met their burden of showing that consent to the warrantless search was freely and voluntarily given by the defendant's mother, who possessed the requisite authority and control over the premises (see id.; People v Xochimitl, 147 AD3d 793, 794, affd 32 NY3d 1026).
The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit.
CONNOLLY, J.P., MALTESE, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court