People v Lawrence (2024 NY Slip Op 01938)

People v Lawrence

2024 NY Slip Op 01938

Decided on April 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2022-09201
 (Ind. No. 241/21)

[*1]The People of the State of New York, respondent,
v
Chrisheena Lawrence, appellant.

Mark Diamond, Pound Ridge, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Robert H. Middlemiss of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Craig Stephen Brown, J.), rendered April 19, 2022, convicting her of attempted gang assault in the second degree, upon her plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant's contentions regarding an order of protection issued at the time of sentencing are unpreserved for appellate review since she did not raise these issues at the sentencing proceeding or move to vacate the order of protection on these grounds (see People v Nicholson, 190 AD3d 768, 768; People v O'Connor, 136 AD3d 945, 945). Under the circumstances, including that the order of protection was an express component of the plea bargain, we decline to review these issues in the exercise of our interest of justice jurisdiction (see CPL 470.15[6][a]; People v O'Sullivan, 198 AD3d 986, 987).
Likewise, the defendant's contention that the County Court failed to make restitution payable jointly and severally by the defendant and her codefendants is unpreserved for appellate review (see People v Thompson, 105 AD3d 1067, 1067; People v Lessner, 100 AD3d 929, 929), and we decline to review the issue in the exercise of our interest of justice jurisdiction.
The defendant's contention, in effect, that the sentence was excessive is precluded by her valid waiver of her right to appeal (see People v Batista, 167 AD3d 69, 75; People v Hallums, 158 AD3d 819, 819). To the extent that the defendant contends that certain constitutional rights were violated, this argument is unpreserved for appellate review as she did not raise any objections regarding these constitutional issues during the plea and sentencing proceedings (see People v Talbot, 194 AD3d 757, 758; People v D'Amico, 194 AD3d 742, 742), and we decline to review the issue in the exercise of our interest of justice jurisdiction.
The defendant's remaining contention is not properly before this Court.
DUFFY, J.P., MILLER, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court