People v Kyra J. (2020 NY Slip Op 01183)





People v Kyra J.


2020 NY Slip Op 01183


Decided on February 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2017-11768
 (Ind. No. 4652/15)

[*1]The People of the State of New York, respondent,
v
Kyra J. (Anonymous), appellant.


Paul Skip Laisure, New York, NY (Sean H. Murray of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jean M. Joyce of counsel; Luc B. Walkington on the memorandum), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by her motion, from a sentence of the Supreme Court, Kings County (John T. Hecht, J.), imposed September 7, 2017, upon her plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The defendant's purported waiver of her right to appeal was invalid, as the Supreme Court mischaracterized the nature of the waiver by stating, inter alia, that "no lawyer will be appointed to pursue an appeal for you; no higher Court will review the proceedings, they will become final upon sentence" (see People v Green, _____ NY3d _____, _____, 2019 NY Slip Op 08545, *6 [2019] [companion case to People v Thomas, _____ NY3d _____, 2019 NY Slip Op 08545]). Where, as here, "a trial court has utterly mischaracterized the nature of the right a defendant was being asked to cede, an appellate court cannot be certain that the defendant comprehended the nature of the waiver of appellate rights" (______ NY3d at _____, 2019 NY Slip Op 08545, *6 [internal quotation marks omitted]). Thus, the purported waiver of the right to appeal does not preclude this Court's review of the defendant's excessive sentence claim (see People v Fuller, 163 AD3d 715, 715). However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
BALKIN, J.P., CHAMBERS, COHEN, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court