People v Hall (2022 NY Slip Op 06327)

People v Hall

2022 NY Slip Op 06327

Decided on November 10, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 10, 2022

Before: Renwick, J.P., Oing, Singh, Kennedy, Mendez, JJ. 

Ind. No. 2597/16 Appeal No. 16617 Case No. 2019-4043 

[*1]The People of the State of New York, Respondent,
v
Matthew Hall, Defendant-Appellant.

Caprice R. Jenerson, Office of Appellate Defender, New York (Alexandra Valdez of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Andrew E. Seewald of counsel), for respondent.

Judgment, Supreme Court, New York County (Abraham L. Clott, J. at first speedy trial motion; Ann E. Scherzer, J. at second speedy trial motion; Gilbert C. Hong, J. at plea and sentencing), rendered January 3, 2019, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of four years, unanimously affirmed.
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US , 140 S Ct 2634 [2020]; People v Bryant, 28 NY3d 1094, 1096 [2016]), which forecloses review of his statutory speedy trial claims (see People v Lara-Medina, 195 AD3d 542 [1st Dept 2021], lv denied 37 NY3d 993 [2021]; People v Person, 184 AD3d 447, 447-448 [1st Dept 2020], lv denied 35 NY3d 1069 [2020]). Furthermore, defendant forfeited review of his speedy trial claim by pleading guilty (see People v O'Brien, 56 NY2d 1009, 1010 [1982]. Defendant was convicted before the effective date of the current version of CPL 30.30(6), which prospectively permits defendants who pleaded guilty to raise statutory speedy trial claims on appeal, but which is not retroactive (see Lara-Medina, 195 AD3d at 542). In People v Galindo (38 NY3d 199 [2022]), the Court of Appeals recently decided that another amendment to the speedy trial statute was not to be applied retroactively, and we conclude that the Court's analysis applies equally to CPL 30.30(6) (see People v Omodunbi, 2022 NY Slip Op 50791[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]).
In any event, if we were to review them, we would find that defendant's speedy trial motions were correctly denied.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 10, 2022