People v Flores (2023 NY Slip Op 51414(U))

[*1]

People v Flores (Alex)

2023 NY Slip Op 51414(U)

Decided on December 21, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 21, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Tisch, JJ.

570481/19

 The People of the State of New York, Respondent,
against
Alex Flores, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (George A. Grasso, J., at speedy trial motion; Jeffrey M. Zimmerman, J., at trial and sentencing), rendered April 24, 2019, after a nonjury trial, convicting him of driving while impaired by alcohol, and imposing sentence.

Per Curiam.
Judgment of conviction (George A. Grasso, J., at speedy trial motion; Jeffrey M. Zimmerman, J., at trial and sentencing), rendered April 24, 2019, affirmed.
The recent amendments to CPL 30.30, which extended statutory speedy trial limitations to traffic infractions charged in the same accusatory instrument with certain other offenses (see CPL 30.30[1][e]), are not retroactive, and do not apply to criminal actions commenced prior to the January 1, 2020 effective date of the legislation (see L 2019, ch 59, part KKK, § 1), such as this 2017 action (see People v Galindo, 38 NY3d 199 [2022]; People v Hall, 210 AD3d 482, 483 [2022], lv denied 39 NY3d 1078 [2023]; People v Lara-Medina, 195 AD3d 542 [2021], lv denied 37 NY3d 993 [2021]). We decline defendant's invitation to vacate his conviction in the interest of justice. 
The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the court's determinations concerning credibility (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The evidence established that defendant operated a motor vehicle while his ability to drive was impaired by the consumption of alcohol (see Vehicle and Traffic Law § 1192[1]). Police observed defendant behind the steering wheel of a minivan that was "standing" in a bus stop at 4:20 a.m., away from the curb, with the keys in the ignition and the engine running (see People v Alamo, 34 NY2d 453 [1974]). The officer's testimony also demonstrated that defendant was "slumped over" and "not moving," and that when the officer finally woke him by tapping on the window, defendant exhibited signs of intoxication, including bloodshot eyes, slurred speech, and an odor of alcohol on his breath. Defendant was also observed to be unsteady on his feet and disoriented, and he placed his cell phone in a cup that contained a "brown" liquid that smelled like alcohol. Furthermore, the Intoxilyzer breath test device administered at the precinct measured defendant's blood alcohol content at .103 percent. This evidence supported the conclusion that defendant operated the vehicle while impaired (see People v Cruz, 48 NY2d 419, 426-428 [1979], appeal dismissed 446 [*2]US 901 [1980]; People v Taylor, 104 AD3d 603 [2013], lv denied 21 NY3d 947 [2013]). 
Any discrepancies and inconsistencies in the arresting officer's testimony or challenges to his credibility based on an unrelated case were fully explored by defense counsel on cross-examination and we find no basis to disturb the court's resolution of the issues (see People v Jones, 79 AD3d 1073, 1074 [2010], lv denied 17 NY3d 954 [2011]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: December 21, 2023