People v Ekukpe (2025 NY Slip Op 01586)

People v Ekukpe

2025 NY Slip Op 01586

Decided on March 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 18, 2025

Before: Moulton, J.P., Kennedy, Rodriguez, Pitt-Burke, O'Neill Levy, JJ. 

Ind. No. 1511/21, 71414/22|Appeal No. 3936|Case No. 2023-01616|

[*1]The People of the State of New York, Respondent,
v
David Ekukpe, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Matthew Bova of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Kevin A. Peterson of counsel), for respondent.

Judgments, Supreme Court, Bronx County (Albert Lorenzo, J.), rendered December 16, 2022, convicting defendant, upon his pleas of guilty, of attempted criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to concurrent terms of 5 years for attempted criminal possession of a weapon in the second degree and 2 to 4 years for criminal possession of a weapon in the third degree, unanimously affirmed.
Defendant validly waived his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US ___, 140 S Ct 2634 [2020]), which forecloses review of his statutory speedy trial claim for his conviction under indictment No. 1511/2011 (see e.g. People v Hall, 210 AD3d 482, 482 [1st Dept 2022], lv denied 39 NY3d 1078 [2023]; People v Lara-Medina, 195 AD3d 542, 542 [1st Dept 2021], lv denied 37 NY3d 993 [2021]). The court properly explained the nature of the right to appeal, the claims that survive the waiver, and the distinction between the trial rights automatically forfeited upon a plea of guilty and the waiver of the right to appeal as a condition of his plea agreement (see People v Bradshaw, 18 NY3d 257, 264 [2011]). It is not dispositive that the court conducted this colloquy only after defendant's allocution (see e.g. People v Bryant, 28 NY3d 1094, 1096 [2016]; People v Nunez, 220 AD3d 597, 598 [1st Dept 2023], lv denied 41 NY3d 1004 [2024]), where, as here, "the record demonstrates that defendant had a full appreciation of the consequences of the waiver and that the waiver was voluntary under the totality of the circumstances" (People v Cassanova, 234 AD3d 622 [1st Dept 2025] [internal quotation marks omitted]; see People v Castillo, 226 AD3d 573, 574 [1st Dept 2024], lv denied 41 NY3d 1017 [2024]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 18, 2025