People v Jackson (2025 NY Slip Op 06919)

People v Jackson

2025 NY Slip Op 06919

Decided on December 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 11, 2025

Before: Manzanet-Daniels, J.P., Gesmer, González, Shulman, O'Neill Levy, JJ. 

Ind No. 159/21|Appeal No. 5344|Case No. 2023-01544|

[*1]The People of the State of New York, Respondent,
v
Saquan Jackson, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Benjamin Rutkin-Becker of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Maria I. Wager of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Martin Marcus, J.), rendered March 3, 2023, convicting defendant, upon his plea of guilty, of assault in the third degree and sentencing him to a one-year conditional discharge, unanimously affirmed.
Defendant's appeal waiver was valid, foreclosing review of his speedy trial claim. "The combination of the court's colloquy and the detailed written waiver that defendant signed after consultation with counsel satisfied the requirements of a valid waiver" (People v Commisso, 224 AD3d 463, 464 [1st Dept 2024], lv denied 41 NY3d 1001 [2024]; see People v Thomas, 34 NY3d 545, 560 [2019]). Specifically, the court's colloquy explained in clear and comprehensive detail the nature of the appellate rights being waived, as did the written waiver. Furthermore, defendant explicitly acknowledged to the court that he understood the rights he was waiving; that these rights were distinct from his trial rights and a condition of his guilty plea; that he was satisfied with his counsel's representation, had read the waiver of appeal and had an opportunity to discuss it with counsel; and that he was voluntarily waiving his right to appeal (see People v Castillo, 226 AD3d 573, 574 [1st Dept 2024], lv denied 41 NY3d 1017 [2024]).
Contrary to defendant's contention, the fact that he signed the waiver of appeal before his oral colloquy did not render the waiver involuntary or unknowing (see People v Guzman, 237 AD3d 570, 571 [1st Dept 2025], lv denied 44 NY3d 993 [2025]). While defendant admitted his guilt in open court before the court addressed the waiver of appeal, he "had a full appreciation of the consequences of the waiver," and the waiver was voluntary under the "totality of the circumstances" (People v Castillo, 226 AD3d at 574).
The record does not support defendant's contention that the court misled him as to his right to counsel on any appeal of the limited issues he was still entitled to pursue notwithstanding the waiver. The court never stated that defendant waived his right to counsel with respect to such claims (contra People v Kyra J., 180 AD3d 929, 929-30 [2d Dept 2020], lv denied 35 NY3d 971 [2020]).
As an alternative holding, we reject defendant's statutory speedy trial claim. We perceive no errors of law or fact by the court, which appropriately charged the People with 76 days of delay, well below the permissible six months (see CPL 30.30[1][a]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 11, 2025