People v Monserrate (2026 NY Slip Op 00209)

People v Monserrate

2026 NY Slip Op 00209

Decided on January 15, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 15, 2026

Before: Kennedy, J.P., Gesmer, Rodriguez, Chan, JJ. 

Ind No. 2023-03137|Appeal No. 5597|Case No. 2023-03137|

[*1]The People of the State of New York, Respondent,
vJose Monserrate, Defendant-Appellant. 

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Frances Weil of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Aidan Sanchez of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Bahaati E. Pitt-Burke, J. at May 13, 2021 hearing, LlinÉt M. Rosado, J. at motion to invalidate certificate of compliance, and Marsha D. Michael, J., at CPL 30.30 motion, plea, and sentencing), rendered June 8, 2023, convicting defendant, upon his plea of guilty, of attempted murder in the second degree, and sentencing him as a second violent felony offender to a term of 12 years followed by five years of post-release supervision, unanimously affirmed.
Defendant validly waived his right to appeal, which forecloses review of his statutory speedy trial and excessive sentence claims. "The combination of the court's colloquy and the detailed written waiver that defendant signed after consultation with counsel satisfied the requirements of a valid waiver" (People v Commisso, 224 AD3d 463, 464 [1st Dept 2024], lv denied 41 NY3d 1001 [2024]; see People v Thomas, 34 NY3d 545, 560 [2019]). While the court did not explicitly enumerate the constitutional rights that survive the waiver, the "totality of circumstances," including the written waiver executed in open court and after consultation with defense counsel, demonstrates that defendant "had a full appreciation of the consequences of the waiver" (People v Castillo, 226 AD3d 573, 574 [1st Dept 2024], lv denied 41 NY3d 1017 [2024] [internal quotation marks omitted]). Specifically, the court's colloquy explained in clear and comprehensive detail the nature of the appellate rights being waived, as did the written waiver. Defendant acknowledged that he understood the rights he was waiving, that these rights were distinct from trial rights and a condition of his guilty plea, that he was satisfied with his counsel's representation, had read the waiver of appeal and had an opportunity to discuss it with counsel, and was voluntarily waiving his right to appeal (see People v Castillo, 226 AD3d at 574). The record does not support defendant's contention that the court misled him as to his right to appellate counsel on the limited appeals to which he was still entitled despite the waiver (cf. People v Kyra J., 180 AD3d 929, 929-930 [2d Dept 2020], lv denied 35 NY3d 971 [2020]). As a result of this valid waiver, we are foreclosed from reviewing the merits of defendant's speedy trial and excessive sentence claims (see People v Suber, 231 AD3d 447, 447 [1st Dept 2024], lv denied 43 NY3d 932 [2025]; People v Miranda, 196 AD3d 417, 418 [1st Dept 2021], lv denied 37 NY3d 994 [2021]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 15, 2026