People v Gonzalez (2026 NY Slip Op 00203)

People v Gonzalez

2026 NY Slip Op 00203

Decided on January 15, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 15, 2026

Before: Kern, J.P., Scarpulla, Kapnick, Shulman, Hagler, JJ. 

Ind No. 487/20|Appeal No. 5623|Case No. 2023-06131|

[*1]The People of the State of New York, Respondent,
vCarlos Gonzalez, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Nkechi N. Erondu of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Kevin Arturo Peterson of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Marsha D. Michael, J.), rendered November 13, 2023, convicting defendant, upon his plea of guilty, of attempted murder in the second degree, and sentencing him to a prison term of 11 years, unanimously affirmed.
Defendant validly waived his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US —, 140 S Ct 2634 [2020]). The court's oral colloquy with defendant, when viewed as a whole, and in connection with a detailed written waiver, separated the right to appeal from the rights automatically forfeited by a guilty plea, and otherwise satisfied the requirements of a valid waiver. The court was not required to enumerate every waived claim (see People v Evans, 59 AD3d 216, 216 [1st Dept 2009], lv denied 12 NY3d 816 [2009]). In any case, the written waiver, which the court referenced during the colloquy, identified the specific appealable issues that survive a waiver. Defense counsel also confirmed she explained the appeal waiver to defendant, and defendant acknowledged that he understood. Finally, "[n]othing in the colloquy or written waiver suggested that defendant would forfeit his right to appellate counsel for claims that survived the waiver" (People v Diallo, 242 AD3d 612, 612 [1st Dept 2025] [internal quotation marks omitted]; see also People v Yizar, 240 AD3d 416, 416 [1st Dept 2025], lv denied 44 NY3d 985 [2025]).
Defendant's appeal waiver included a valid waiver of his right to raise a claim for a statutory speedy trial violation, which forecloses review of defendant's claim under CPL 30.30 (see People v Person, 184 AD3d 447, 448 [1st Dept 2020], lv denied 35 NY3d 1069 [2020]; People v Merchant, 209 AD3d 453, 453 [1st Dept 2022], lv denied 39 NY3d 987 [2022]). As an alternative holding, defendant's speedy trial claim fails on the merits, as the People exercised good faith efforts and due diligence to comply with the requirements of CPL 245.20(l), and as such their certificate of compliance, filed on October 26, 2020 was valid (People v Bay, 41 NY3d 200, 209-211 [2023]; see CPL 245.50[5],[6], 30.30[5][a]). Accordingly, the motion court properly rejected defendant's arguments that the People's statement of readiness was illusory and did not toll the speedy trial clock, that the People should have been charged with the entire 308-day period from January 13, 2021 through November 17, 2021 (the date of defendant's COC motion), and that his indictment should have been dismissed pursuant to CPL 30.30(5).
Defendant's valid waiver of appeal also forecloses review of his excessive sentence claim (People v Nunez, 220 AD3d 597, 597 [1st Dept 2023], lv denied 41 NY3d 1004
[2024]). In any event, we perceive no basis for reducing defendant's sentence.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 15, 2026