People v Grant (2026 NY Slip Op 00330)

People v Grant

2026 NY Slip Op 00330

Decided on January 27, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 27, 2026

Before: Moulton, J.P., Mendez, Rodriguez, Rosado, Hagler, JJ. 

Ind. No. 70331/22|Appeal No. 5665|Case No. 2023-03552|

[*1]The People of the State of New York, Respondent,
vRaheem Grant, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Leanna J. Duncan of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Maria I. Wager of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Tara A. Collins J., at speedy trial motions; Naita A. Semaj, J., at plea; and Jeffrey Rosenblueth, J., at sentencing), rendered April 18, 2023, convicting defendant of attempted criminal possession of a weapon on the second degree, and sentencing him to a term of two years, unanimously affirmed.
Defendant validly waived his right to appeal, which forecloses review of his statutory speedy trial claim (see People v Ekukpe, 236 AD3d 528, 528 [1st Dept 2025], lv granted 44 NY3d 993 [2025]; People v Hall, 210 AD3d 482, 482 [1st Dept 2022], lv denied 39 AD3d 1078 [2023]). "The combination of the court's colloquy and the detailed written waiver that defendant signed after consultation with counsel satisfied the requirements of a valid waiver" (People v Commisso, 224 AD3d 463, 464 [1st Dept 2024], lv denied 41 NY3d 1001 [2024]; see People v Thomas, 34 NY3d 545, 560 [2019], cert denied 589 US —, 140 S Ct 2634 [2020]). While the court did not explicitly enumerate the rights that defendant was waiving, it noted the rights he was retaining and that the appellate rights were separate and apart from the other rights defendant waived by virtue of his guilty plea. Defendant executed two written waivers of appeal, the first after consultation with counsel and the second in open court, and the court twice — at plea and just prior to sentencing — explained the waiver to defendant and elicited from defendant that he understood the rights he was both retaining and waiving. Accordingly, the totality of the circumstances indicates that defendant "had a full appreciation of the consequences of the waiver" (People v Castillo, 226 AD3d 573, 574 [1st Dept 2024], lv denied 41 NY3d 1017 [2024]). The record does not support defendant's contention that the court misled him as to his right to appellate counsel on the limited appeals to which he was still entitled despite the waiver (cf. People v Kyra J., 180 AD3d 929, 929-930 [2d Dept 2020], lv denied 35 NY3d 971 [2020]).
As an alternative holding, we reject defendant's statutory speedy trial claim on the merits, as our independent review of the record supports Supreme Court's finding that the People exercised due diligence in providing mandatory discovery to defendant (see generally People v Bay, 41 NY3d 200, 210, 212 [2023], and that the May 12 and July 15, 2022 certificates of compliance were valid. With 85 days of speedy trial time chargeable to the People, they were ready for trial within the statutorily permissible six months (see CPL 30.30[1][a]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 27, 2026