People v Henry (2026 NY Slip Op 01130)

People v Henry

2026 NY Slip Op 01130

Decided on February 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 26, 2026

Before: Manzanet-Daniels, J.P., Moulton, Gesmer, Mendez, Michael, JJ. 

Ind No. 5/21|Appeal No. 5963|Case No. 2023-04105|

[*1]The People of the State of New York, Respondent,
vAnthony Henry, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Paul Wiener of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Russell A. Spivak of counsel), for respondent.

Judgment, Supreme Court, New York County (Curtis J. Farber, J.), rendered July 10, 2023, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree and sentencing him, as a second violent felony offender, to a term of 5½ years, unanimously affirmed.
The record establishes that defendant's waiver of his right to appeal was voluntary, knowing and intelligent (see People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US 1302 [2020]), which forecloses review of his statutory speedy trial claim (see e.g. People v Ekukpe, 236 AD3d 528, 528 [1st Dept 2025], lv granted 44 NY3d 993 [2025]; People v Hall, 210 AD3d 482, 482 [1st Dept 2022], lv denied 39 NY3d 1078 [2023]). Both the court's colloquy and the written waiver explained that appellate rights are separate and distinct from the trial rights automatically forfeited by a guilty plea, and defendant confirmed that he understood the rights he was waiving and had read, understood, and discussed with his counsel the written waiver of appeal (see People v Castillo, 226 AD3d 573, 574 [1st Dept 2024], lv denied 41 NY3d 1017 [2024]), which explicitly stated that defendant was waiving this right. Nor did the court falsely state that defendant would waive his right to assigned counsel by waiving his right to appeal (see People v Gonzalez, — AD3d —, 2026 NY Slip Op 00203,*1 [1st Dept 2026]; People v Diallo, 242 AD3d 612, 612 [1st Dept 2025]; cf. People v Kyra J., 180 AD3d 929, 929-930 [2d Dept 2020], lv denied 35 NY3d 971 [2020]).
As an alternative holding, we reject defendant's statutory speedy trial claim on the merits, as our independent review of the record supports Supreme Court's finding that there were exceptional circumstances that caused the People's delay, as they were awaiting DNA comparison evidence and exercised due diligence to obtain these results (see CPL 30.30[4][g][i]; People v Clarke, 28 NY3d 48, 52 [2016]; People v Logan, 222 AD3d 494, 495 [1st Dept 2023], lv denied 41 NY3d 943 [2024]; cf. People v Gonzalez, 136 AD3d 581, 582 [1st Dept 2016]). Defendant's contention that this evidence was not sufficiently "material" to excuse the delay is unpreserved, and, in any event, unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 26, 2026